FILED

AUG 19 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sharon Ackman, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) | Case No. 05 C 3759 |
| ) | |
| v. ) | **Judge Holderman** |
| ) | |
| Midland Credit Management, Inc., a Kansas corporation, and Midland Funding NCC-2 Corporation, a Delaware company, ) ) ) ) ) | Magistrate Judge Mason |
| ) | |
| Defendants. ) | |

## AGREED MOTION FOR LEAVE TO FILE DEFENDANT NCC-2'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Midland Funding NCC-2 Corporation ("NCC-2"), for its Motion for Leave to File its Answer and Affirmative Defenses to Plaintiff's Complaint, *instanter*, states as follows:

1. Defendant NCC-2's Answer to Plaintiff's Complaint was due on August 17, 2005.

2. The undersigned was unable to finalize same Answers with Defendant until August 19, 2005.

3. Defendant NCC-2's Answer and Affirmative Defenses to Plaintiff's Complaint is attached as Exhibit A hereto. Defendant seeks leave to file its attached Answer and Affirmative Defenses *instanter*.

4. Opposing counsel has no objection, and has agreed to this motion.

5. This motion is not meant for the purpose of unnecessary delay and will not prejudice any party to the litigation.

5964973v1 856313

WHEREFORE, Defendant, Midland Funding NCC-2 Corporation, respectfully requests that this Honorable Court grant it leave to file its Answers and Affirmative Defenses to Plaintiff's Complaint, *instanter*.

Respectfully submitted,

Midland Funding NCC-2 Corporation

By: _____
One of their Attorneys

David M. Schultz
Jennifer M. Hanna
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street
Suite 300
Chicago, IL 60601-1081
312-704-3000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sharon Ackman, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 05 C 3759 |
| v. ) ) | **Judge Holderman** |
| Midland Credit Management, Inc., a Kansas corporation, and Midland Funding NCC-2 Corporation, a Delaware company, ) ) ) ) ) | Magistrate Judge Mason |
| Defendants. ) | |

**DEFENDANT MIDLAND FUNDING NCC-2 CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, Midland Funding NCC-2 Corporation ("NCC-2" or "Defendant"), and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this matter pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

**ANSWER:** Defendant NCC-2 does not contest jurisdiction. However, Defendant NCC-2 states that arbitration may be the more appropriate venue in which to bring this action, as Defendant may possess certain rights to move this action to arbitration based on contracts entered into by the Plaintiff.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

**ANSWER:** Defendant NCC-2 denies that it does business in the Northern District of Illinois. Upon information and belief, Defendant NCC-2 admits that Midland Credit Management, Inc. ("MCM") does business in the Northern District of Illinois, but only and exclusively through the means of interstate commerce. Defendant NCC-2 is without knowledge or information sufficient to form a belief as to the truth of the allegation that

EXHIBIT A

5956369v1 856313

Plaintiff resides in the Northern District of Illinois. Defendant NCC-2 admits that MCM sends letters into the Northern District of Illinois. Defendant NCC-2 denies that it sends collection letters. Defendant NCC-2 denies any remaining allegations contained within Paragraph 2 of Plaintiff's Complaint.

## PARTIES

3. Plaintiff, Sharon Ackman ("Ackman"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to SBC Ameritech, and now owed to Midland Funding NCC-2 Corporation.

ANSWER: Defendant NCC-2 is without knowledge or information sufficient to form a belief as to the allegation that Plaintiff "is a citizen of the State of Illinois, residing in the Northern District of Illinois." Defendant NCC-2 admits that MCM attempted to collect a delinquent debt from Plaintiff that was originally owned by SBC Ameritech. Defendant NCC-2 admits that it is the current owner of Plaintiff's debt. Defendant NCC-2 is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's debt is a consumer debt, as NCC-2 is without knowledge or information sufficient to form a belief as to the purpose of Plaintiff's debt. NCC-2 denies that it engaged in any collection activities pertaining to Plaintiff's debt. Defendant NCC-2 denies the remaining allegations contained within Paragraph 3 of Plaintiff's Complaint.

4. Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois, and was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff Ackman.

ANSWER: Defendant NCC-2 admits that MCM is a Kansas Corporation. Defendant NCC-2 admits that MCM may be considered to be a debt collector, as defined by the FDCPA, for some purposes. Defendant NCC-2 further states that it is without knowledge or information sufficient to form a belief as to whether MCM was acting as a debt collector with respect to the Plaintiff, and as to whether Plaintiff's delinquent debt was a consumer debt, because it is without knowledge or information sufficient to form a belief as to the purpose of Plaintiff's debt.

5. Defendant, Midland Funding NNC-2 Corporation ("Midland"), is a Delaware company, which acts as a debt collector, as defined by § 1692a of the FDCPA, because it

regularly uses the mails and/or telephone call to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois, and was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff Ackman.

**ANSWER:** Defendant NCC-2 (incorrectly referred to in this allegation as Midland Funding NNC-2 Corporation) admits that it is a Delaware Corporation. Defendant NCC-2 denies that it uses the mails and/or telephone calls to collect or attempt to collect debt and further denies that it is a debt collector under the FDCPA. Defendant NCC-2 further denies that it acted as a debt collector with respect to Plaintiff's debt. Defendant NCC-2 is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's delinquent debt was a consumer debt because it is without knowledge or information sufficient to form a belief as to the purpose of Plaintiff's debt. Defendant NCC-2 denies any and all remaining allegations contained within Paragraph 5 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

6. Defendant MCM sent Ackman a form collection letter, dated May 6, 2004, attempting to collect a delinquent consumer debt allegedly owed to Defendant Midland, which Defendant Midland had purchased from SBC Ameritech. In that letter, Defendants made an offer to settle her account for 50% off, but stated that payment had to be received in Defendant MCM's office by a specific date. Specifically, this letter stated, in pertinent part:

\*\*\*

You won't want to miss this settlement opportunity offered to you by Midland Credit Management, Inc., servicer of the above referenced account.

Recognizing that you may have gone through some financial difficulty and have been unable to satisfy your account we would like to offer you a **positive and flexible option** to resolve your account for 50% off the Current Balance.

**If we receive payment by 06-05-2004 in the amount of $166.18, we will consider the account balance paid in full**

\*\*\*

This letter was sent within one year of this Complaint and is attached as Exhibit A.

- 3 -

ANSWER:   Defendant NCC-2 admits that Exhibit A purports to be a letter, dated May 6, 2004, that MCM sent to the Plaintiff. Defendant NCC-2 denies that MCM sent the letter denoted as Exhibit A to the extent that same letter has been altered or revised from its original condition. Defendant NCC-2 admits that the May 6, 2004 letter, denoted as Exhibit A, attempts to collect a delinquent debt that Plaintiff owed to NCC-2 (referred to as "Midland" by the Plaintiff). Defendant NCC-2 is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's debt is a consumer debt as NCC-2 is without knowledge or information sufficient to form a belief as to the purpose of Plaintiff's debt. NCC-2 admits that it purchased Plaintiff's debt from SBC Ameritech. Defendant NCC-2 admits that in the May 6, 2004 letter, denoted as Exhibit A, MCM offered to settle Plaintiff's account for 50% off the balance due as of the date of the letter and that this letter included a date by which this particular offer would expire. Defendant NCC-2 denies that it made any offers to the Plaintiff to settle her debt. Defendant NCC-2 admits that the May 6, 2004 letter, denoted as Exhibit A, contains, in part, the language quoted. Defendant denies that the May 6, 2004 letter denoted as Exhibit A was sent within one year of the date of Plaintiff's Complaint, and therefore Defendant NCC-2 further states that any claims pertaining to Exhibit A are barred by the one year statute of limitations for FDCPA claims. Defendant NCC-2 denies any remaining allegations contained within Paragraph 6 of Plaintiff's Complaint.

7.   Thereafter, via letters dated July 9, August 18, and October 7, 2004, Defendants made the identical 50% settlement offer to Plaintiff and again claimed that these latest offers were for a limited time. These letters were sent within one year of the date of this Complaint and are attached as Exhibits B, C and D.

ANSWER:   Defendant NCC-2 admits that Exhibits B, C, and D, purport to be letters sent to the Plaintiff by MCM on July 9, 2004; August 18, 2004; and October 7, 2004, respectively. Defendant NCC-2 denies that MCM sent the letters denoted as Exhibits B, C, and/or D to the extent that same letters have been altered or revised from their original condition. Defendant NCC-2 admits that in each of the letters denoted as Exhibits B, C, and D, MCM made offers to settle Plaintiff's debt for 50% off the balance due as of the date of each respective letter. Defendant NCC-2 denies that these settlement offers were identical. Defendant NCC-2 admits that each of the offers contained within the letters denoted as Exhibits B, C, and D included dates by which the particular offers detailed therein would expire. Defendant NCC-2 admits that the letters denoted as Exhibts B, C, and D were each sent within one year of the date of Plaintiff's Complaint. Defendant NCC-2 denies that it sent any letters to the Plaintiff and further denies that it made any offers of settlement to the Plaintiff. Defendant NCC-2 denies any remaining allegations contained within Paragraph 7 of Plaintiff's Complaint.

8.   The statements in Defendants' form collection letters are to be interpreted under the "unsophisticated consumer" standard. (See, Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir.

1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996)).

**ANSWER:** Defendant NCC-2 denies that it sent any letters to the Plaintiff. Defendant further denies the remaining allegations contained within Paragraph 8 of Plaintiff's Complaint.

### Violation Of § 1692e Of The FDCPA By Making False, Deceptive Or Misleading Statements Of Limited Time Settlement Offers

9. Section 1692e of the FDCPA prohibits Defendants from making any false, deceptive or misleading statements. Defendants falsely stated, in their four form collection letters (Ex.'s A, B, C and D), that they were offering Plaintiff a limited-time settlement offer, but only if payment was received in their office by a specific date. Defendants' own letters show that its limited duration settlement offers were not of limited duration. The first settlement offer (Ex. A) was false because second, third and fourth identical offers were made (Ex.'s B, C and D). Moreover, Defendant Midland is a company that specializes in buying delinquent consumer debts for pennies on the dollar and, thus, is virtually always ready to, and routinely does, settle debts for 50% off the balance. Thus, Defendants' collection letters violate § 1692e of the FDCPA. See, Goswami v. American Collections Enterprise, Inc., 377 F.3d 488, 496 (5th Cir. 2004).

**ANSWER:** Defendant NCC-2 (referred to by the Plaintiff as "Midland") denies that it sends any collection letters and denies that it sent the collection letters denoted as Exhibits A, B, C, and D to the Plaintiff. Defendant NCC-2 denies that it offered to settle the Plaintiff's account. Defendant NCC-2 admits that the settlement offers contained within the letters denoted as Exhibits A, B, C, and D included dates by which the particular offers detailed therein would expire. Defendant NCC-2 denies the remaining allegations contained within Paragraph 9 of Plaintiff's Complaint.

10. Defendants' violation of § 1692e of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692(k)).

**ANSWER:** Defendant NCC-2 denies that it violated the FDCPA. Defendant NCC-2 further denies the remaining allegations contained within Paragraph 10 of Plaintiff's Complaint.

## CLASS ALLEGATIONS

11. Plaintiff, Sharon Ackman, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to SBC Ameritech, but now owed to Midland Funding NCC-2 Corporation, from one year before the date of this Complaint to the present, and as to which the consumer was sent four purported limited time settlement offer letters identical to the letters Plaintiff received. This action seeks a declaration that these form letters violate the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

**ANSWER:** Defendant NCC-2 admits that Plaintiff purports to state both an individual and class action lawsuit, but denies that a class exists or that one should be certified. Defendant NCC-2 admits that Plaintiff's Complaint seeks a declaration that Defendants' letters violated the FDCPA. Defendant NCC-2 denies that it sends collection letters and denies that it violated the FDCPA. Defendant NCC-2 further denies that the letters at issue violated the FDCPA and denies that the Plaintiff is entitled to damages. Defendant NCC-2 denies any remaining allegations contained within Paragraph 11 of Plaintiff's Complaint.

12. Defendants regularly engage in debt collection, using the same form collection letters they sent Plaintiff Ackman, in their attempts to collect from other persons.

**ANSWER:** Defendant NCC-2 denies that it sends collection letters. Defendant NCC-2 admits that MCM sends collection letters similar to those that MCM sent to the Plaintiff. Defendant NCC-2 denies the remaining allegations contained within Paragraph 12 of Plaintiff's Complaint.

13. The Class consists of more than 50 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letters they sent Plaintiff Ackman.

**ANSWER:** Defendant NCC-2 denies that it sends collection letters. Defendant NCC-2 admits that Plaintiff has purported to state a class action claim. Defendant NCC-2 denies that a class exists, or that one should be certified. Defendant NCC-2 denies any remaining allegations contained within Paragraph 13 of Plaintiff's Complaint.

14. Plaintiff Ackman's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**ANSWER:** Defendant NCC-2 admits that Plaintiff has purported to state a class action claim. Defendant NCC-2 denies that a class exists, or that one should be certified. Defendant NCC-2 denies any remaining allegations contained within Paragraph 14 of Plaintiff's Complaint.

15. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

**ANSWER:** Defendant NCC-2 admits that Plaintiff has purported to state a class action claim. Defendant NCC-2 denies that a class exists, or that one should be certified. Defendant NCC-2 denies any remaining allegations contained within Paragraph 15 of Plaintiff's Complaint.

16. Plaintiff Ackman will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of

the Class and will be established by common proof. Moreover, Plaintiff Ackman has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

**ANSWER:** **Defendant NCC-2 denies that it sends collection letters. Defendant NCC-2 admits that Plaintiff has purported to state a class action claim. Defendant NCC-2 denies that a class exists, or that one should be certified. Defendant NCC-2 denies any remaining allegations contained within Paragraph 16 of Plaintiff's Complaint.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, Defendant NCC-2 denies that it engaged in any debt collection activities relating to the Plaintiff's debt, denies that it sends any debt collection letters, and therefore denies that it violated the FDCPA.

### SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, Defendant NCC-2 states that Plaintiff fails to state a cause of action under § 1692 of the FDCPA, because it is not a debt collector.

### THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, Defendant NCC-2 states that it did not commit any actionable violations of the FDCPA.

### FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, Defendant NCC-2 asserts that upon information and belief, arbitration is the more appropriate venue for Plaintiff's claims to be brought as Defendant NCC-2 may possess certain arbitration rights based on contracts entered into by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, Defendant NCC-2 states that venue may not be proper as it does not transact business within the Northern District of Illinois.

- 8 -

## SIXTH AFFIRMATIVE DEFENSE

For its Sixth Affirmative Defense, Defendant NCC-2 states that any claims pertaining to the letter denoted as Exhibit A to Plaintiff's Complaint are barred by the one year statute of limitations for FDCPA claims.

## SEVENTH AFFIRMATIVE DEFENSE

For its Seventh Affirmative Defense, Defendant NCC-2 states that it is not a debt collector, however, to the extent that this court may consider it to be a debt collector, Defendant NCC-2 states that any violation of the FDCPA, which Defendant NCC-2 denies occurred, was not intentional and would have resulted from a bona fide error.

WHEREFORE, Defendant, Midland Funding, NCC-2 Corp., respectfully requests that this court enter judgment in its favor and against Plaintiff on all claims asserted by Plaintiff and for such other relief as this court deems just and appropriate.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By_____
One the Attorneys for Defendant
Midland Funding, NCC-2 Corp.

David M. Schultz
Jennifer M. Hanna
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
(312) 704-3000
Firm I.D.: 90384

- 9 -